**Mark A. Miller (9563)**
miller.mark@dorsey.com
**Elliot J. Hales (16684)**
hales.elliot@dorsey.com
**Michele M. Myer (13815)**
myer.michele@dorsey.com
**Chris D. Wade (15278)**
wade.chris@dorsey.com
**DORSEY & WHITNEY LLP**
111 S. Main St., Suite 2100
Salt Lake City, Utah 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373

*Attorneys for Plaintiff and Counter-Defendant Old Mill Brick LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OLD MILL BRICK LLC, a Utah limited liability company,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>MS INTERNATIONAL INC., a California corporation,<br><br>Defendant and Counterclaimant. | CASE NO:  2:23-CV-00900-DAK-DAO<br><br>District Judge: Dale A. Kimball<br>Magistrate Judge: Daphne A. Oberg<br><br>**PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM COUNTS III, IV, AND V** |

Plaintiff and Counter-Defendant Old Mill Brick LLC ("Plaintiff" or "OMB"), by and through its attorneys, Dorsey & Whitney, LLP, hereby moves to dismiss Defendant and Counterclaimant MS International Inc.'s ("MSI") First Amended Counterclaim ("FAC") Counts III, IV, and V as follows:

# INTRODUCTION

OMB moves to dismiss the following three claims in MSI's FAC: (1) Declaratory Judgment of Unenforceability – Inequitable Conduct (Count III); (2) Violation of Georgia Statute §§ 10-1-770, et seq. and Georgia's Fair Business Practices Act, §§ 10-1-390, et seq. (Count IV); and (3) Unfair Competition – California Business & Professions Code § 17200, et seq. (Count V).

MSI fails to state a plausible claim as to each of these causes of action. Count III of MSI's Counterclaim, alleging inequitable conduct, is a conspiratorial narrative that, *even if accepted as true*, fails to establish a claim of inequitable conduct *as a matter of law*. Count III also fails to meet the heightened standard of particularity that is required, because MSI fails to identify *any* material misrepresentation or omission made by OMB. Instead, the crux of MSI's position is that the patent examiner "incorrectly" awarded OMB's '322 patent because OMB "deceived" the patent examiner by claiming that certain prior art (Burchenal) did not disclose a particular claim element when, in MSI's opinion, the prior art did disclose that element. MSI's conspiratorial theory is difficult to follow, and lacks plausibility and common sense. As best OMB can tell, MSI is alleging that OMB was able to trick the patent examiner, somehow being able to "ensure that the Examiner would not be looking for that particular element in the prior art." FAC ¶ 16.

MSI does not, and cannot, claim that OMB failed to disclose the prior art, because the reference in question was admittedly of record and is listed on the face of OMB's patent as one of the many prior art references the Patent Office considered. Importantly, although MSI's entire argument is that OMB misrepresented Burchenal, MSI nevertheless fails to identify a single statement from any identified individual that references Burchenal at all. MSI instead alleges, implausibly and contrary to the documents at issue, that OMB made a statement referencing "the

remaining references" that should be understood to include Burchenal. But, as demonstrated below, when examining the context of this statement, it clearly referred to two other references specifically cited by the examiner, not to Burchenal. Given the lack of any plausibly alleged misrepresentations, MSI's claim simply amounts to a repackaged cause of action for patent invalidity. Courts have directly rejected such a theory of inequitable conduct. Count III should therefore be dismissed.

Count IV under Georgia law is likewise deficient. MSI asserts, under Georgia's bad faith assertion of patent infringement statute, that it was "anti-competitive and in bad faith" for OMB to inform The Home Depot by letter of OMB's patent rights and MSI's infringement of those rights. This claim is deficient because it fails to assert any facts that could plausibly demonstrate bad faith. MSI alleges in conclusory fashion that OMB knew or should have known that its assertion of patent infringement was meritless, and again relies on the baseless assertion that the patent should not have been issued. MSI ignores that the patent has a presumption of validity and fails to recognize that federal patent law bars the imposition of liability for publicizing one's patent rights in the marketplace unless the plaintiff can show that the patent holder acted in bad faith. Indeed, federal law recognizes that a competitive commercial purpose—such as informing a retailer of a patent infringement claim—is not of itself improper. Under the facts as alleged by MSI, OMB acted within its rights to enforce its presumed valid patent and to make those rights known. Additionally, MSI cannot assert a claim under the Georgia Fair Business Practices Act because that statute only allows claims by a consumer—a natural person that is a member of the consuming public—and does not allow a claim by a competitor corporation. Count IV should be dismissed.

Count V under the California Unfair Competition Law also fails to state a plausible claim. MSI lacks standing to bring such a claim because it does not allege any injury in fact and a causal connection thereto due to OMB's conduct. And even if standing was properly established (which it is not), MSI fails to allege any violation of law to support the claim that the conduct was "unlawful," and fails to allege any conduct that "threatens an incipient violation of an antitrust law" to meet the "unfair" prong. Count V should therefore be dismissed.

## ARGUMENT

I.  **LEGAL STANDARD**

Dismissal of a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where the plaintiff fails to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

A plausible claim must allege more than labels or legal conclusion and its factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the claimant is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## II. MSI Fails To Meet the Heightened Pleading Standard to State a Claim for Inequitable Conduct.

MSI's claim for inequitable conduct falls far short of meeting the heightened standard that applies. "Inequitable conduct must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *ZAGG Intellectual Prop. Holding Co. v. XO Skins, LLC*, 2012 WL 896352, *8 (D. Utah Mar. 15, 2012) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009)). "To establish inequitable conduct, the accused infringer must prove '(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO.'" *Id.* at *7 (quoting *Exergen*, 575 F.3d at 1327 n.3). "In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at *7-8 (quoting *Therasense, Inc. v. Becton, Dickinson & Co*, 649 F.3d 1276, 1290 (Fed. Cir. 2011)).

For an inequitable conduct claim to survive a motion to dismiss, "the pleading must identify 'the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.'" *Id.* at *8-9 (quoting *Exergen*, 575 F.3d at 1327). That is, the claimant must allege "facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive." *Id.* at *9 (citations omitted).

MSI's claim completely fails to identify any material misrepresentation or omission before the PTO, much less any specifics as to "who, what, when, where, and how" the purported misrepresentation or omission took place. MSI's allegations center on OMB's disclosures before

the PTO regarding certain prior art: U.S. patent no. 2,887,867 to Burchenal, et al. ("Burchenal"). *See* FAC, ¶¶ 7-19. Crucially, MSI does not actually allege that OMB failed to identify Burchenal, or "withheld" the reference with an intent to deceive the PTO. Indeed no such allegation could be made given that Burchenal was before the PTO and is specifically included on the face of OMB's '322 patent, among the list of references cited. *See* Exhibit A to Complaint, pg. 2 (Dkt. No. 2-1).

Instead of specifically identifying any "affirmative misrepresentation of a material fact," omission, or submission of false material information, MSI's allegations focus on the *argument* made to the PTO regarding whether the prior art **cited by the examiner** disclosed the claim elements at issue. MSI misrepresents the prosecution history of the asserted patent to allege that certain OMB responses to the Patent Office's office actions referred to the Burchenal reference (a reference never cited by the examiner). The prosecution history documents MSI cites as the foundation for its claim are attached as Exhibits 1-4[1] to the Declaration of Mark Miller ("Miller Decl.") submitted herewith,[2] and are properly considered in the present Motion. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that courts can consider the following information outside the challenged pleading in a motion to dismiss: "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice.") (cleaned up).

MSI's entire claim rests on the allegation that in OMB's December 30, 2022 response to the September 30, 2022 Office Action, OMB's reference to "the remaining cited references" was

---

[1] Exhibit 1 is the September 30, 2022 Office Action; Exhibit 2 is the December 30, 2022 Response to Office Action; Exhibit 3 is the January 12, 2023 Office Action; and Exhibit 4 is the April 12, 2023 Response to Office Action.
[2] The Miller Decl. is attached hereto as **Exhibit A**, and includes Exhibits 1-4 as attachments thereto.

a specific reference and representation about the Burchenal reference. When viewed in context, this allegation is baseless and is contradicted by the documents on which MSI relies. In the September 30, 2022 Office Action, the examiner rejected the claims based on three prior art references (Hunsaker, Schwalenberg, and Taylor) and the examiner explicitly lists those three references in the "Notice of References Cited" form. Exh. 1 to Miller Decl., at 10. In OMB's December 2022 response, it, of course, focused on the three references relied on by the examiner in rejecting the claims. OMB argued that Hunsaker failed to teach certain elements of the claims and then stated: "The remaining cited references also fail to remedy the teachings of Hunsaker"—clearly referring to the other two references cited by the examiner in his Notice of References Cited. Exh. 2 to Miller Decl. at 10-11. The same is true for the subsequent Office Action and response. In the January 2023 Office Action, the examiner rejected the claims, again citing Hunsaker and Schwalenberg. Exh. 3 to Miller Decl. at 3-6. The exact same statement was made in OMB's April 2023 response, referring to the "remaining cited references" besides Hunsaker, which included multiple references to Schwalenberg. Exhibit 4 to Miller Decl. at 9-10. There are no plausible factual allegations that could support MSI's assertion that these statements somehow referred to Burchenal—a reference that was never cited by the examiner and was never mentioned in any of OMB's responses. MSI's allegations are simply false on their face.

Thus, MSI's claim does not identify any individual that made any knowingly false statement or omission, but instead merely alleges that the inventors and OMB's patent attorney collectively participated in the prosecution history and made arguments to the PTO on OMB's behalf about the legal import of prior art cited by the examiner. This is far from sufficient to meet the heightened standard of pleading an inequitable conduct claim. *See Exergen*, 575 F.3d at 1328-

29 ("[A] pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that *a specific individual* (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.") (emphasis added).

Setting aside OMB's failure to meet the heightened pleading standard, even if it had, its entire theory fails as a matter of law. MSI vaguely alleges that OMB "was able to convince the Examiner to issue the claims of the '322 patent" despite "a different USPTO Examiner [rejecting] similar proposed claims . . . ." FAC ¶ 8. Crucially, the only purported falsity MSI points to is "misrepresent[ing] Burchenal." *Id.* ¶ 15. At best, even if one accepts MSI's belief that Burchenal discloses all of the elements of the patent claims,[3] MSI's claim amounts to an allegation that, although the Burchenal reference was before the PTO, OMB and its inventors were somehow required to assume the Examiner made a mistake by not appreciating the significance of the Burchenal reference, and failed to affirmatively stress the significance of Burchenal to the Examiner. *Id*. at ¶¶ 7-19. MSI's strange theory of inequitable conduct borders on the frivolous, and there is no legal authority to support it. Indeed, the governing law is squarely to the contrary.[4]

---

[3] To be clear, OMB disputes MSI's allegation that the Burchenal reference renders the asserted patent claims invalid on the merits. However, as is appropriate in the context of a motion to dismiss, OMB makes its arguments after assuming MSI's factual allegations are true.

[4] At best, giving it the most generous reading, MSI's allegations might amount to an accusation of negligence during prosecution, which cannot support an inequitable conduct claim. *See, e.g., ZAGG*, 2012 WL 896352, *8 (dismissing inequitable conduct counterclaim; "And gross negligence is not sufficient to justify an inference of intent to deceive."); *C.R. Bard, INC. v. Medical Components, Inc.*, 2019 WL 1746309, *3 (D. Utah April 18, 2019) (dismissing inequitable conduct counterclaim; "At most, these facts would tend to show that Bard was negligent in not disclosing the Herts Reference" which is "insufficient to show specific intent to deceive the PTO.").

In *Fiskars, Inc. v. Hunt Mfg. Co.*, for example, the defendant did not dispute that the prior art in question was before the patent examiner, but asserted inequitable conduct by arguing precisely what MSI argues here: "that the examiner did not consider it" and that the patent applicant had "the obligation to stress to the examiner the relevance" of the prior art. 221 F.3d 1318, 1327 (Fed. Cir. 2000). The Federal Circuit noted that "the earlier PTO requirement that the applicant explain the relevance of the references listed was removed in 1992" and affirmed the district court's rejection of the claim *as a matter of law*. *Id*. ("An applicant can not be guilty of inequitable conduct if the reference was cited to the examiner, whether or not it was a ground of rejection by the examiner.").

Relying on the Federal Circuit's *Fiskers* decision, the Southern District of California, in *Finjan, Inc. v. ESET, LLC*, 2017 WL 3149642, *7 (S.D. Cal. July 24, 2017), granted a motion to dismiss an inequitable conduct claim based on the same factual narrative MSI presents.

> Despite the fact that ESET's own allegations concede that Finjan disclosed the ACP to the PTO, ESET alleges the PTO did not understand the significance of the ACP and that Finjan intentionally failed to correct that misunderstanding. . . . From here ESET attempts to impose a duty on Finjan's counsel to correct the allegedly mistaken belief. . . . However, the Federal Circuit has unequivocally stated no such duty exists.

*Id*.

MSI's theory of inequitable conduct has been soundly and consistently rejected by the Federal Circuit and district courts across the country. *See, e.g., Giuliano v. SanDisk Corp.*, 224 F.Supp.3d 851, 864 (N.D. Cal. 2016) (rejecting inequitable conduct claim; "The PTO is presumed to have reviewed the information presented."); *Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, 2020 WL 1331919, *5 (S.D. N.Y. March 23, 2020) (granting motion to dismiss inequitable conduct claim based on allegation that, although the information at issue was disclosed to the PTO,

it was allegedly "buried in over 400 other references" to hide its significance). The theory that the patent examiner was an ignorant rube easily misled by the patent applicant must fail. *ParkerVision, Inc. v. Qualcomm Inc.*, 924 F. Supp. 2d 1314, 1319 (M.D. Fla. 2013) ("Here, the PTO was aware of the Parssinen reference, as evidenced by the reference's citation on the face of the patent, and still issued the patent. One cannot assume that a PTO examiner is an ignorant rube who is easily misled by attorney argument, hyperbole, or understatement.").

MSI's allegations come nowhere near the required pleading standard for a claim for inequitable conduct. Regardless, even accepting MSI's factual allegations as true, MSI's pleaded facts do not establish inequitable conduct as a matter of law. Accordingly, the Court should dismiss Count III of MSI's FAC.

### III. MSI Fails to State a Claim for Bad Faith under Georgia Law.

MSI's Count IV alleges that a letter[5] sent by OMB to The Home Depot in the State of Georgia regarding OMB's patent rights constitutes "a bad faith assertion of patent infringement" in violation of Georgia statutes. FAC, ¶¶ 38-39. MSI's claim rests on the allegation that it was "anti-competitive" and in "bad faith" for OMB to do so. *Id.* ¶ 25. MSI baselessly asserts that OMB "knew or should have known that the claim for infringement was meritless," without alleging any facts demonstrating a basis for any such knowledge. *Id.* ¶ 30.[6] MSI's allegations fail to assert a claim for which relief may be granted under either section 10-1-770 et seq. or section 10-1-390 et seq.

---

[5] A copy of the letter referenced in MSI's counterclaim is attached hereto as **Exhibit B**.
[6] To the extent MSI is relying on the pleaded facts underlying its inequitable conduct claim, those facts fail to plausibly support a reasonable inference of bad faith as explained in the preceding argument.

Notably, "federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith." *Digital Ally, Inc. v. Util. Assocs.*, 2017 WL 1197561, *24 (District of Kan. Mar. 30, 2017) (quoting *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 896 (Fed. Cir. 1998)). Further, "a competitive commercial purpose is not of itself improper, and bad faith is not supported when the information [in the notice] is objectively accurate." *Id.* (quoting *Mikohn*, 165 F.3d at 897) (internal quotations omitted). "A patentee has the right to inform a potential infringer of the existence of the patent, whereby the recipient of the information may adjust its activities, perhaps seek a license, or otherwise act to protect itself," and sending notices "can prevent an entity from later asserting a defense of lack of knowledge in a patent infringement case . . . ." *Id.* (internal quotation marks and citations omitted).

Here, MSI does not allege facts sufficient to support its claim that OMB's demand letter to The Home Depot constitutes bad faith. OMB has the right under federal patent law to publicize its patent in the marketplace, and has a competitive commercial purpose to inform a retailer of infringement of OMB's patent. Further, MSI's claim is deficient under both Georgia statutes, for the additional reasons stated below.

A. **MSI Fails to Assert a Valid Claim for Bad Faith Assertion of Patent Infringement under Section 10-7-770 et seq.**

MSI's allegations are far from sufficient to state a claim under Georgia's bad faith assertion of patent infringement statute. The statute includes a number of factors that may evidence bad faith, but MSI only alleges a violation under factor 6, as it asserts that OMB "knew, or should have known," that its assertion of patent infringement was meritless. O.C.G.A. § 10-1-771(b); FAC, ¶ 38. MSI fails to allege *any* facts demonstrating that OMB knew or should have known its assertion

of infringement was meritless, but instead states in vague and conclusory terms that OMB's claim is "bogus" and that, in what is merely MSI's opinion, the patent examiner should not have granted OMB's patent. *Id.* ¶¶ 23, 25. Indeed, the only factual assertion MSI makes regarding OMB's purported knowledge that its infringement claim is meritless is the fact that MSI informed OMB via letter about MSI's belief that OMB's patent was invalid. *Id.* at ¶ 23. In other words, OMB should have known its infringement claim was invalid because *MSI said so*. This is far from sufficient to plausibly support a claim of bad faith.

MSI's claim also fails to recognize that OMB's patent has a presumption of validity. *Thermolife Int'l v. Hi-Tech Pharms.*, 2019 WL 12291350, *16 (N.D. Ga. Nov. 1, 2019) (recommending dismissal of claim under section 10-1-770 et seq. due to presumption of validity of patent).[7] In addition, bad faith is a "prerequisite to applying state tort law to speech about infringement [and] rests partly on First Amendment principles," and establishing bad faith requires facts showing the patent owner's claim is "objectively baseless" meaning "no reasonable litigant could realistically expect success on the merits." *Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 60 F.4th 1335, 1343 (Fed. Cir. 2024) (finding district court abused its discretion in entering injunction prohibiting patent owner from notifying accused infringer's customers about patent claims).

MSI does not plead facts sufficient to support a plausible inference that OMB's infringement claims are objectively baseless. Indeed, OMB's Complaint (intrinsic to the pleadings of this case) lays out detailed factual allegations and evidence showing its claim of patent infringement is at a minimum well grounded, even if MSI disagrees. *See* Complaint, ¶¶ 17-34.

---

[7] The special master's recommended ruling to dismiss the claims was adopted by the court in *Thermolife Int'l v. Hi-Tech Pharms.*, 2019 WL 12291385 (N.D. Ga. Nov. 25, 2019).

Regardless of who is right on the merits at the end of this case, MSI's FAC fails because "a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights even though he may misconceive what those rights are." *Mikohn*, 165 F.3d at 897 (cleaned up). As in *Thermolife*, MSI "has not pleaded factual allegations that would allow the reasonable inference that [OMB] is liable for the alleged misconduct. Instead, [OMB] is simply acting within its rights to enforce its presumed valid patent[]." *Thermolife*, 2019 WL 12291350 at *18-19. As such, the Court should dismiss MSI's fourth claim.

**B.     MSI Fails to Assert a Valid Claim under Georgia's Fair Business Practices Act because it is Not a Consumer.**

MSI's fourth count for relief also purports to allege a claim for bad faith assertion of patent infringement under section 10-1-390 et seq. of Georgia's Fair Business Practices Act ("FBPA"). However, it is well established that "a party may only bring an action under the FBPA as a member of the consuming public" and not as a competitor. *Metal Morphosis, Inc. v. Acorn Media Publ., Inc.*, 639 F. Supp. 2d 1367, 1376 (N.D. Ga. Mar. 4, 2009) (dismissing claim under FBPA where the party sought to "vindicate its business interest and ignores its rights as a consumer"); *see also Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 364 (11th Cir. 1997) (denying claim under FBPA because "it seems Defendant is a non-consumer attempting to expand the coverage of the FBPA to provide a cause of action … against their competitors") (internal quotation marks and citation omitted). The FBPA defines a "consumer" as a "natural person." O.C.G.A. § 10-1-392(a)(6).

MSI admits that it is not a natural person, but is instead an Indiana corporation that competes with OMB. FAC ¶¶ 3, 5 ("OMB wants to sell a competing product to Home Depot."). Because MSI cannot assert a claim as a non-consumer, Count IV must be dismissed.

### IV. The Court Should Dismiss MSI's Claim under California's Unfair Competition Law Because MSI Fails to Adequately Allege Facts to Support Standing and Because it Does Not Allege any Unlawful or Unfair Conduct.

MSI also fails to sufficiently allege a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"). Like MSI's claim under Georgia law, its claim under the UCL is based on the same unsupported allegation that OMB knows its patent is invalid, and that OMB's demands to MSI to cease infringing, as well as OMB's letter to The Home Depot regarding its patent rights, "constitute unlawful and unfair trade practices and unfair competition" in violation of the UCL. FAC ¶ 41.

As an initial matter, MSI lacks standing. Standing to bring a UCL action requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that: (1) he or she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010). MSI does not allege that it lost money or property sufficient to constitute an injury in fact, nor does it allege any causal connection between such an injury and OMB's conduct. The Court should dismiss Count V for lack of standing alone.

Beyond MSI's lack of standing, it fails to sufficiently allege a claim under the UCL. The UCL "prohibits business acts that are unlawful, unfair, or fraudulent," and each of these three prongs "is a separate and distinct theory of liability[.]" *Zhejiang Yuanzheng Auto v. Arex Indus., Inc.*, 2023 WL 4317189, *10 (C.D. Cal. June 7, 2023) (internal quotation marks and citation

omitted). MSI asserts that OMB's conduct was unlawful and unfair, but does not allege that it was fraudulent. MSI's "unlawful" and "unfair" allegations are insufficient.

Under the unlawful prong, a "violation of almost any law may serve as a basis for a UCL claim," but the claim "must identify the particular section of the statute that was violated, and must describe with reasonable particularity the facts supporting the violation." *Id.* *12 (quotation omitted). Failure to identify the underlying law that was violated is fatal to the claim. *Id.* (dismissing claim where the claimant "fail[ed] to identify in its UCL claim what law [defendant] supposedly violated"). Here, MSI fails to identify any particular section of a statute that forms the basis for the claim of "unlawful" conduct, and also fails to describe with reasonable particularity facts supporting any such violation. MSI instead asserts in conclusory fashion that OMB knew its patent was invalid and that its correspondence with The Home Depot and MSI violate the UCL. Such allegations are plainly insufficient.

As for MSI's claim that OMB engaged in "unfair" practices, the unfair prong "prohibits a business practice that 'violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.'" *Id.* (quoting *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017)). "When a business asserts a claim for relief against a competitor under the unfair prong, that claim must 'be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition.'" *Id.* (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186-87, 973 P.2d 527 (1999). Additionally, "the word 'unfair' . . . means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those

laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* *12-13 (quoting *Cel-Tech*, 20 Cal. 4th at 187).

Here, MSI fails to assert a claim that is "tethered to some legislatively declared policy" and fails to allege "conduct that threatens an incipient violation of an antitrust law," or the spirit or policy of the same. MSI instead merely asserts that OMB's patent, which is statutorily presumed valid, is in fact invalid, and that OMB should be held liable for publicizing its patent in the marketplace and informing an infringer of the existence of the patent. As stated above, however, federal policy underlying the Patent Act actually *supports* OMB's actions of sending a notice letter to The Home Depot. *See Digital Ally*, 2017 WL 1197561, *24 ("[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith."); *Mikohn*, 165 F.3d at 897, *supra*. MSI does not, and cannot, point to a legislatively declared policy that would suggest OMB's pedestrian notice letter to The Home Depot about OMB's patent rights constitutes an unfair practice.

Indeed, notifying players in the market about patent rights has been a recognized right of a patent owners for decades. *See, e.g., Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985) ("Concrete Unlimited had the right to exclude others from making, using, and selling the invention and … Concrete Unlimited did only what any patent owner has the right to do to enforce its patent, and that includes threatening alleged infringers with suit. … Concrete Unlimited's actions in this case were not unfair competition, and we reverse the district court's holding to the contrary."); *Mirafi, Inc. v. Murphy*, 18 U.S.P.Q.2D (BNA) 1087, 1089 (Fed. Cir. 1991) ("[A]ll of Mirafi's extra-judicial activities, including notifying customers and potential customers of the litigation, are within the purview of actions a party with rights to enforce a patent

may engage in to enforce the patent."). Because MSI fails to assert a plausible claim, the Court should dismiss its UCL claim under Count V.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts III, IV, and V of MSI's FAC for failure to state a claim on which relief may be granted.

Dated: April 9, 2024                                 Respectfully submitted,

                                                     **DORSEY & WHITNEY LLP**

                                         By: *s/ Mark A. Miller*
                                             Mark A. Miller

                                             *Attorneys for Plaintiff and Counter-Defendant Old Mill Brick LLC*