# EXHIBIT 1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/805,193 | 06/02/2022 | Jason Hunsaker | P299082.US.06 | 7000 |

| 187378 | 7590 | 09/30/2022 |
|---|---|---|

DW - Olsen
Dorsey & Whitney LLP
111 South Main Street
21st Floor
Salt Lake City, UT 84111-2176

| EXAMINER |
|---|
| GRAY, LINDA LAMEY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1745 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/30/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ip.docket.slc@dorsey.com
olsen.jordan@dorsey.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 17/805,193 | Applicant(s) Hunsaker et al. |
|---|---|---|
| | Examiner LINDA L GRAY | Art Unit 1745 / AIA (FITF) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☑ Responsive to communication(s) filed on <u>6-2-22, 6-28-22</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s) <u>42-51</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>42-51</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>602-22</u> is/are: a) ☑ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All    b) ☐ Some**    c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 17/805,193                                                                 Page 2
Art Unit: 1745

## DETAILED ACTION

### Notice of Pre-AIA or AIA Status

The present application is being examined under the pre-AIA first to invent provisions.

### Abstract

Applicant is reminded of the proper content of an abstract of the disclosure:

> A patent abstract is a concise statement of the technical disclosure of the patent and should include that which is new in the art to which the invention pertains. The abstract should not refer to purported merits or speculative applications of the invention and should not compare the invention with the prior art.
>
> If the patent is of a basic nature, the entire technical disclosure may be new in the art, and the abstract should be directed to the entire disclosure. If the patent is in the nature of an improvement in an old apparatus, process, product, or composition, the abstract should include the technical disclosure of the improvement. The abstract should also mention by way of example any preferred modifications or alternatives.
>
> Where applicable, the abstract should include the following: (1) if a machine or apparatus, its organization and operation; (2) if an article, its method of making; (3) if a chemical compound, its identity and use; (4) if a mixture, its ingredients; (5) if a process, the steps.
>
> Extensive mechanical and design details of an apparatus should not be included the abstract. The abstract should be in narrative form and generally limited to a single paragraph within the range of 50 to 150 words in length.
>
> See MPEP § 608.01(b) for guidelines for the preparation of patent abstracts.

The abstract of the disclosure is objected to because it is directed to a fiber enforced sheet whereas the pending claims are directed to a method of manufacturing thin brick sheets. Correction is required. See MPEP § 608.01(b).

### Claim Rejections - 35 USC § 112

The following is a quotation of 35 U.S.C. 112(b):

> (b) CONCLUSION. The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

**Claims 42-51 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.**

**Claim 42** at line 5, the antecedent of "each brick" is not clearly defined as being a new brick(s) or a previously recited brick(s). Also see "each brick" in **claim 48** at line 1 and **claim 52** at line 6 and **claim 52** at line 8 and **claim 56** at line 1 and **claim 60** at line 7 and **claim 60** at line 9.

**Claim 43** at lines 2-3, the antecedent of "adjacent thin bricks" is not clearly defined as being new bricks or the previously recited bricks. Also see "adjacent thin brick" in **claim 52** at line 3 and **claim 60** at line 3.

**Claim 48** at line 2, the antecedent of "adhesive" is not clearly defined as being a new adhesive or the previously recited adhesive. Also see "adhesive" in **claim 56** at line 2.

**Claim 50** at line 2, the antecedent of "thin bricks" is not clearly defined as being a new bricks or previously recited bricks. Also see "thin bricks" in **claim 51** at lines 2-3 and **claim 58** at line 2 and **claim 59** at lines 1-2 and **claim 60** at line 4 and **claim 61** at lines 1-2.

**Claim 51** at line 2, the antecedent of "row" is not clearly defined as being a new row(s) or previously recited row(s). Also see "row" in **claim 59** at line 2 and **claim 61** at line 2.

**Claim 54** at line 2, the antecedent of "the adhesive" is not clearly defined in that two adhesives have been previously recited. See "the adhesive" in **claim 55** at line 1.

## Claim Rejections - 35 USC § 102

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

**Claim(s) 42-43 and 45-48 and 52 and 54-56 is/are rejected under pre-AIA 35 U.S.C. 102(b) as being anticipated by Hunsaker (US 2010/0107531).**

**Claim 42**, Hunsaker teaches a method of manufacturing a thin brick sheet, comprising: adhering a plurality of thin bricks 130 to a first side of a backing layer 110 with an adhesive 140, wherein the backing layer 110 defines a grid (cross members 11 and apertures 112 forming a matrix) that comprises a plurality of holes 112, wherein the backing layer 110 is non-stretchable (for example: metal – galvanized steel diamond), and wherein the plurality of thin bricks 130 are adhered to the backing layer 110 such that a portion of a rear surface (i.e. surfacing the backing layer 110) of each of the bricks 130 overlaps one or more of the plurality of holes 112 in the backing layer 110. See Figure 1 and paragraphs 41-49 and 57.

**Claim 43**, the plurality of thin bricks 130 are adhered to the backing layer 110 with spaces of about ¼ inch to 1.5 inches between adjacent bricks 130 which completely encompasses the claimed range of about ¼ inch to about ¾ inch. See Figure 2 and paragraphs 41- 49 and 57.

**Claim 45 and 54**, the backing layer 110 is impregnated and saturated with the adhesive 140. See Figure 2 and paragraphs 41-49 and 57.

**Claims 46 and 55**, the adhesive 140 is cured. See Figure 2 and paragraphs 41-49 and 57.

**Claim 47**, the plurality of bricks 130 are adhered to the backing layer 110 in a running bond pattern. See Figure 1.

**Claims 48 and 56**, a portion of a surface (i.e. surface facing or rearing away from the backing layer 110) of each of the bricks is free from an adhesive.

**Claim 52**, Hunsaker teaches a method of manufacturing a thin brick sheet, comprising: adhering a plurality of thin bricks 130 to a first side of a backing layer 110 with an adhesive 140, wherein adjacent thin bricks 130 are spaced about ¼ inch to 1.5 inches (which completely encompasses the claimed range of about ¼ inch to about ¾ inch), wherein the backing layer 110 defines a grid (cross members 11 and apertures 112 forming a matrix) that comprises a plurality of holes 112, and wherein the plurality of thin bricks 130 are adhered to the backing layer 110 such that a portion of a rear surface (i.e. surfacing the backing layer 110) of each brick 130 overlaps one or more of the plurality of holes 112 in the backing layer 110. The claim limitation of "such that a second adhesive can extend through the one or more of the plurality of holes to bond each brick to a wall or floor surface during installation" refers to a method of use of the brick structure made by the claimed method and does not provide a limitation to the claimed method.

## Claim Rejections - 35 USC § 103

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

**Claim(s) 44 and 53** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over **Hunsaker.**

**Claims 44 and 53**, Hunsaker does not teach that the backing layer 110 comprises at least one of fiberglass, polyester, graphite, aramid, or carbon.

However, a fiberglass reinforcement backing to support a brick laying operation to create a brick surface is a well-known and conventional material in the art of thin brick laying; and, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to have provided in Hunsaker that the backing layer 110 is of a fiberglass material where it is obvious to replace one material of a backing (that of Hunsaker) with another art recognized alternative material for a backing (fiberglass). The other materials claimed are also well-known in the art, though written in the alternative and not specifically required by the claim.

**Claim(s) 49 and 57** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Hunsaker as applied to claim(s) 42-43 and 45-48 and 52 and 54-56 above, and further in view of Schwalenberg (US 7,743,569 B1).

**Claims 49 and 57**, Hunsaker does not teach that the plurality of bricks comprise one or more of clay bricks, cast bricks, or wire cut bricks.

Schwalenberg teaches that thin bricks, such as the bricks of Hunsaker which are kiln made (see paragraph 41) are well-known and conventional to be clay bricks. See column 1 at paragraph 5.

It would have been obvious to a person of ordinary skill in the art at the time the invention was made to have provided in Hunsaker that the plurality of bricks are clay bricks in that Schwalenberg teaches that thin bricks are well-known and conventional to be clay bricks where it is obvious to replace one material of a thin brick (that of Hunsaker) with another art recognized alternative material for a thin brick (clay, Schwalenberg) where successful results may be expected.

**Claim(s) 50-51 and 58-59** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Hunsaker.

**Claims 50-51 and 58-59**, Hunsaker does not teach that the thin brick sheet is smaller – consisting of only four rows of the thin bricks (**claims 50 and 58**) and consisting of only three bricks per row (**claims 51 and 59**).

However, claim limitations relating to size are generally not considered to be sufficient to patentably distinguish claims over prior art. Claim limitations directed to size (smaller than Hunsaker – 4 rows only with 3 bricks per row only) requires only routine determination by one having ordinary skill in the art in the absence of the limitation(s) being demonstrated to be critical (MPEP 2144.04(A)(IV).

**Claim(s) 60-61 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Hunsaker.**

**Claims 60-61**, Hunsaker teaches a method of manufacturing a thin brick sheet, comprising: adhering a plurality of thin bricks to a first side of a backing layer with an adhesive, wherein adjacent thin bricks are spaced about 1/4 inch to about 3/4 inch from each other, wherein the thin brick sheet consists of four rows of thin bricks, wherein the backing layer defines a grid that comprises a plurality of holes, and wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick overlaps one or more of the plurality of holes in the backing layer such that a second adhesive can extend through the one or more of the plurality of holes to bond each brick to a wall or floor surface during use.

**Claims 60-61**, Hunsaker does not teach that the thin brick sheet is smaller – consisting of only four rows of the thin bricks (**claim 60**) and consisting of only three bricks per row (**claim 61**).

However, claim limitations relating to size are generally not considered to be sufficient to patentably distinguish claims over prior art. Claim limitations directed to size (smaller than Hunsaker – 4 rows only with 3 bricks per row only) requires only routine determination by one having ordinary skill in the art in the absence of the limitation(s) being demonstrated to be critical (MPEP 2144.04(A)(IV).

*Application/Control Number: 17/805,193*  Page 8
*Art Unit: 1745*

## Prior Art of Record

The following prior art made of record and not relied upon is considered pertinent to applicant's disclosure. Taylor teaches a bricks in a stack bond pattern.

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to LINDA GRAY whose telephone number is (571) 272-5778. The examiner can normally be reached Monday - Friday, 9 AM to 5:30 PM.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Phil Tucker can be reached on (571) 272-1095. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/LINDA L GRAY/
Primary Examiner, Art Unit 1745

| | | Application/Control No. 17/805,193 | | Applicant(s)/Patent Under Reexamination Hunsaker et al. | |
|---|---|---|---|---|---|
| *Notice of References Cited* | | Examiner LINDA L GRAY | | Art Unit 1745 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20100107531-A1 | 05-2010 | Hunsaker; Garrick | E04F13/147 | 52/745.19 |
| * | B | US-7743569-B1 | 06-2010 | Schwalenberg; Chester | E04F13/0862 | 52/387 |
| * | C | US-2924963-A | 02-1960 | TAYLOR ROBERT B | E04F13/0846 | 52/509 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)      Notice of References Cited      Part of Paper No. 20220924