# EXHIBIT 3

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/805,193 | 06/02/2022 | Jason Hunsaker | P299082.US.06 | 7000 |

| 187378 | 7590 | 01/12/2023 |
|---|---|---|

DW - Olsen
Dorsey & Whitney LLP
111 South Main Street
21st Floor
Salt Lake City, UT 84111-2176

| EXAMINER |
|---|
| GRAY, LINDA LAMEY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1745 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/12/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ip.docket.slc@dorsey.com
olsen.jordan@dorsey.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 17/805,193 | Applicant(s) Hunsaker, Jason |
|---|---|---|
| | Examiner LINDA L GRAY | Art Unit 1745 / AIA (FITF) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**
1) ☑ Responsive to communication(s) filed on 9-26-22, 12-30-22.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.
2a) ☑ This action is **FINAL.**   2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***
5) ☑ Claim(s) 42-61 is/are pending in the application.
   5a) Of the above claim(s) ____ is/are withdrawn from consideration.
6) ☐ Claim(s) ____ is/are allowed.
7) ☑ Claim(s) 42-61 is/are rejected.
8) ☐ Claim(s) ____ is/are objected to.
9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**
10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on ____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**
12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☐ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date ____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date ____.
4) ☐ Other: ____.

Application/Control Number: 17/805,193 Page 2
Art Unit: 1745

# DETAILED ACTION

## Claim Rejections - 35 USC § 102

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

**Claim(s) 42-43 and 45-48 and 52 and 54-56** is/are rejected under pre-AIA 35 U.S.C. 102(b) as being anticipated by Hunsaker (US 2010/0107531).

**Claim 42**, Hunsaker teaches a method of manufacturing a thin brick sheet, comprising: adhering a plurality of thin bricks 130 to a first side of a backing layer 110 with an adhesive 140, wherein the backing layer 110 defines a grid (cross members 111 and apertures 112 forming a matrix) that comprises a plurality of holes 112, wherein the backing layer 110 is non-stretchable (for example: metal – galvanized steel diamond), and wherein the plurality of thin bricks 130 are adhered to the backing layer 110 such that a portion of a rear surface (i.e. surfacing the backing layer 110) of each of the bricks 130 overlaps one or more of the plurality of holes 112 in the backing layer 110. See Figure 1 and paragraphs 41-49 and 57. Hunsaker teaches at the one or more of plurality of holes 112 are free of adhesive 140. Specifically, Hunsaker teaches a plurality of fasteners 150 used to anchor backing layer 110 substrate. Fasteners 150 project through holes 112 such that a body portion projects into substrate 10. A head portion of fasteners 150 abut cross members 111 on a side facing bricks 130. Washer members (necessarily under the head portions) are also used (¶50). Backing layer 110 is first attached to substrate 10 – before bricks 130 are applied – using fasteners 150 (¶46). Thus, at least one or more the plurality of holes 112 are free of adhesive 112 due to the presence of fasteners 150 and/or fasteners 150 paired with the washers in holes 112.

**Claim 43**, the plurality of thin bricks 130 are adhered to the backing layer 110 with spaces of about ¼ inch to 1.5 inches between adjacent bricks 130 which completely encompasses the claimed range of about ¼ inch to about ¾ inch. See Figure 2 and paragraphs 41- 49 and 57.

**Claim 45 and 54**, the backing layer 110 is impregnated and saturated with the adhesive 140. See Figure 2 and paragraphs 41-49 and 57.

**Claims 46 and 55**, the adhesive 140 is cured. See Figure 2 and paragraphs 41-49 and 57.

**Claim 47**, the plurality of bricks 130 are adhered to the backing layer 110 in a running bond pattern. See Figure 1.

**Claims 48 and 56**, a portion of a surface (i.e. surface facing or rearing away from the backing layer 110) of each of the bricks is free from an adhesive.

**Claim 52**, Hunsaker teaches a method of manufacturing a thin brick sheet, comprising: adhering a plurality of thin bricks 130 to a first side of a backing layer 110 with an adhesive 140, wherein adjacent thin bricks 130 are spaced about ¼ inch to 1.5 inches (which completely encompasses the claimed range of about ¼ inch to about ¾ inch), wherein the backing layer 110 defines a grid (cross members 11 and apertures 112 forming a matrix) that comprises a plurality of holes 112, and wherein the plurality of thin bricks 130 are adhered to the backing layer 110 such that a portion of a rear surface (i.e. surfacing the backing layer 110) of each brick 130 overlaps one or more of the plurality of holes 112 in the backing layer 110. The claim limitation of "such that a second adhesive can extend through the one or more of the plurality of holes to bond each brick to a wall or floor surface during installation" refers to a method of use of the brick structure made by the claimed method and does not provide a limitation to the claimed method. Hunsaker teaches at the one or more of plurality of holes 112 are free of adhesive 140. Specifically, Hunsaker teaches a plurality of fasteners 150 used to anchor backing layer 110 substrate. Fasteners 150 project through holes 112 such that a body portion projects into substrate 10. A head portion of fasteners 150 abut cross members 111 on a side facing bricks 130. Washer members (necessarily under the head portions) are also used (¶50). Backing layer 110 is first attached to substrate 10 – before bricks 130 are applied – using fasteners 150 (¶46). Thus, at least one or more the plurality of holes 112 are free of adhesive 112 due to the presence of fasteners 150 and/or fasteners 150 paired with the washers in holes 112.

## Claim Rejections - 35 USC § 103

**Claim(s) 44 and 53** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Hunsaker.

**Claims 44 and 53**, Hunsaker does not teach that the backing layer 110 comprises at least one of fiberglass, polyester, graphite, aramid, or carbon.

However, a fiberglass reinforcement backing to support a brick laying operation to create a brick surface is a well-known and conventional material in the art of thin brick laying; and, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to have

provided in Hunsaker that the backing layer 110 is of a fiberglass material where it is obvious to replace one material of a backing (that of Hunsaker) with another art recognized alternative material for a backing (fiberglass). The other materials claimed are also well-known in the art, though written in the alternative and not specifically required by the claim.

**Claim(s) 49 and 57** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Hunsaker as applied to claim(s) 42-43 and 45-48 and 52 and 54-56 above, and further in view of Schwalenberg (US 7,743,569 B1).

**Claims 49 and 57**, Hunsaker does not teach that the plurality of bricks comprise one or more of clay bricks, cast bricks, or wire cut bricks.

Schwalenberg teaches that thin bricks, such as the bricks of Hunsaker which are kiln made (see paragraph 41) are well-known and conventional to be clay bricks. See column 1 at paragraph 5.

It would have been obvious to a person of ordinary skill in the art at the time the invention was made to have provided in Hunsaker that the plurality of bricks are clay bricks in that Schwalenberg teaches that thin bricks are well-known and conventional to be clay bricks where it is obvious to replace one material of a thin brick (that of Hunsaker) with another art recognized alternative material for a thin brick (clay, Schwalenberg) where successful results may be expected.

**Claim(s) 50-51 and 58-59** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Hunsaker.

**Claims 50-51 and 58-59**, Hunsaker does not teach that the thin brick sheet is smaller – consisting of only four rows of the thin bricks (**claims 50 and 58**) and consisting of only three bricks per row (**claims 51 and 59**).

However, claim limitations relating to size are generally not considered to be sufficient to patentably distinguish claims over prior art. Claim limitations directed to size (smaller than Hunsaker – 4 rows only with 3 bricks per row only) requires only routine determination by one having ordinary skill in the art in the absence of the limitation(s) being demonstrated to be critical (MPEP 2144.04(A)(IV).

**Claim(s) 60-61** is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over **Hunsaker.**

**Claims 60-61**, Hunsaker teaches a method of manufacturing a thin brick sheet, comprising: adhering a plurality of thin bricks to a first side of a backing layer with an adhesive, wherein adjacent thin bricks are spaced about 1/4 inch to about 3/4 inch from each other,

wherein the thin brick sheet consists of four rows of thin bricks, wherein the backing layer defines a grid that comprises a plurality of holes, and wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick overlaps one or more of the plurality of holes in the backing layer such that a second adhesive can extend through the one or more of the plurality of holes to bond each brick to a wall or floor surface during use. Hunsaker teaches at the one or more of plurality of holes 112 are free of adhesive 140. Specifically, Hunsaker teaches a plurality of fasteners 150 used to anchor backing layer 110 substrate. Fasteners 150 project through holes 112 such that a body portion projects into substrate 10. A head portion of fasteners 150 abut cross members 111 on a side facing bricks 130. Washer members (necessarily under the head portions) are also used (¶50). Backing layer 110 is first attached to substrate 10 – before bricks 130 are applied – using fasteners 150 (¶46). Thus, at least one or more the plurality of holes 112 are free of adhesive 112 due to the presence of fasteners 150 and/or fasteners 150 paired with the washers in holes 112.

**Claims 60-61**, Hunsaker does not teach that the thin brick sheet is smaller – consisting of only four rows of the thin bricks (**claim 60**) and consisting of only three bricks per row (**claim 61**).

However, claim limitations relating to size are generally not considered to be sufficient to patentably distinguish claims over prior art. Claim limitations directed to size (smaller than Hunsaker – 4 rows only with 3 bricks per row only) requires only routine determination by one having ordinary skill in the art in the absence of the limitation(s) being demonstrated to be critical (MPEP 2144.04(A)(IV).

### Examiner's Response

The amendments and comments filed 12-30-22 have been entered and fully considered. Applicant indicates that Hunsaker does not teach that one or more of the plurality of holes is free of adhesive. In response, Hunsaker teaches at the one or more of plurality of holes 112 are free of adhesive 140. Specifically, Hunsaker teaches a plurality of fasteners 150 used to anchor backing layer 110 substrate. Fasteners 150 project through holes 112 such that a body portion projects into substrate 10. A head portion of fasteners 150 abut cross members 111 on a side facing bricks 130. Washer members (necessarily under the head portions) are also used (¶50). Backing layer 110 is first attached to substrate 10 – before bricks 130 are applied – using fasteners 150 (¶46). Thus, at least one or more the plurality of holes 112 are free of adhesive 112 due to the presence of fasteners 150 and/or fasteners 150 paired with the washers in holes 112.

Application/Control Number: 17/805,193 Page 6
Art Unit: 1745

## Conclusion

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to LINDA GRAY whose telephone number is (571) 272-5778. The examiner can normally be reached Monday - Friday, 9 AM to 5:30 PM.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Phil Tucker can be reached on (571) 272-1095. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/LINDA L GRAY/
Primary Examiner, Art Unit 1745