# EXHIBIT 4

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Appl. No. | : | 17/805,193 |
| Confirmation No. | : | 7000 |
| In re application of | : | Hunsaker et al. |
| Title | : | FIBER ENFORCED THIN BRICK SHEET AND PROCESS |
| Filed | : | June 2, 2022 |
| TC/A.U. | : | 1745 |
| Examiner | : | GRAY, LINDA LAMEY |
| Docket No. | : | P299082.US.06 |
| Customer No. | : | 187378 |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

### Response to Office Action

Commissioner:

In response to the Office Action of January 12, 2023, please amend the above-identified Application as follows:

**Amendments to the Claims** are reflected in the *Listing of Claims*, which begins on page 2.

**Remarks** begin on page 6.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the Application:

**Listing of Claims:**

1-41. (Canceled)

42. (Currently Amended)  A method of manufacturing a thin brick sheet, comprising:
adhering a plurality of thin bricks to a first side of a backing layer with ~~an~~ <u>a first</u> adhesive, wherein the backing layer defines a grid that comprises a plurality of holes, wherein the backing layer is non-stretchable, wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps <u>at least two</u> ~~one or more~~ holes of the plurality of holes in the backing layer, and wherein <u>the at least two</u> ~~the one or more of the plurality of~~ holes ~~is~~ <u>are</u> free of the <u>first</u> adhesive <u>and open such that a second adhesive can penetrate through the at least two holes to adhere the thin brick sheet to a wall or floor surface</u>.

43. (Previously Presented)  The method of claim 42, wherein the plurality of thin bricks are adhered to the backing layer with spaces of about 1/4 inch to about 3/4 inch between adjacent bricks of the plurality of thin bricks.

44. (Previously Presented)  The method of claim 42, wherein the backing layer comprises at least one of fiberglass, polyester, graphite, aramid, or carbon.

45. (Currently Amended)  The method of claim 42, wherein the backing layer is impregnated or saturated with the <u>first</u> adhesive.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

46.     (Currently Amended)  The method of claim 42, further comprising curing the first adhesive.

47.     (Currently Amended)  The method of claim 42, wherein the plurality of thin bricks are adhered to the backing layer in a running bond pattern or a stack bond pattern.

48.     (Currently Amended)  The method of claim 42, wherein the portion of the rear surface of each brick of the plurality of thin bricks is free from the first adhesive.

49.     (Previously Presented)  The method of claim 42, wherein the plurality of thin bricks comprise one or more of clay bricks, cast bricks, or wire cut bricks.

50.     (Previously Presented)  The method of claim 42, wherein the plurality of thin bricks consists of four rows of bricks.

51.     (Currently Amended)  The method of claim 42 50, wherein the plurality of thin bricks are spaced from one another and free of grout and mortar between adjacent bricks consists of three bricks per row of the four rows.

52.     (Currently Amended)  A method of manufacturing a thin brick sheet, comprising:
        adhering a plurality of thin bricks to a first side of a backing layer with a first adhesive, wherein adjacent bricks of the plurality of thin bricks are spaced about 1/4 inch to about 3/4 inch from each other, wherein adjacent bricks are free of grout and mortar between each other, wherein the backing layer defines a grid that comprises a plurality of holes, wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps at least two one or more holes of the plurality of holes in the backing layer, and wherein the at least two the one or more of the plurality of holes is are free of the first adhesive

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

<u>and open</u> such that a second adhesive can extend through the <u>at least two</u> ~~one or more of the plurality of~~ holes to bond each brick of the plurality of thin bricks to a wall or floor surface during installation.

53. (Previously Presented)  The method of claim 52, wherein the backing layer comprises at least one of fiberglass, polyester, graphite, aramid, or carbon.

54. (Previously Presented)  The method of claim 52, wherein the backing layer is impregnated or saturated with the first adhesive.

55. (Previously Presented)  The method of claim 52, further comprising curing the first adhesive.

56. (Previously Presented)  The method of claim 52, wherein the portion of the rear surface of each brick of the plurality of thin bricks is free from the first adhesive.

57. (Previously Presented)  The method of claim 52, wherein the plurality of thin bricks comprise one or more of clay bricks, cast bricks, or wire cut bricks.

58. (Previously Presented)  The method of claim 52, wherein the plurality of thin bricks consists of four rows of bricks.

59. (Previously Presented)  The method of claim 58, wherein the plurality of thin bricks consists of three bricks per row of the four rows.

60. (Currently Amended)  A method of manufacturing a thin brick sheet, comprising:
adhering a plurality of thin bricks to a first side of a backing layer with a first adhesive, wherein adjacent bricks of the plurality of thin bricks are spaced about 1/4

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

inch to about 3/4 inch from each other<ins>, wherein adjacent bricks are free of grout and mortar between each other</ins>, wherein the plurality of thin bricks consists of four rows of bricks, wherein the backing layer defines a grid that comprises a plurality of holes, wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps <ins>at least two</ins> ~~one or more~~ <ins>holes</ins> of the plurality of holes in the backing layer, and wherein the <ins>at least two</ins> ~~one or more of the plurality of~~ holes <ins>are</ins> ~~is~~ free of the first adhesive <ins>and open</ins> such that a second adhesive can extend through the <ins>at least two</ins> ~~one or more of the plurality of~~ holes to bond each brick to a wall or floor surface during use.

61.  (Previously Presented)  The method of claim 60, wherein the plurality of thin bricks consists of three bricks per row of the four rows.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

## REMARKS

This paper is submitted in response to the Office Action mailed January 12, 2023. At that time, claims 42-61 were pending in the Application. By this paper, claims 42, 45-48, 51, 52, and 60 are amended. Applicant respectfully submits that the claim amendments are fully supported by the Application, as filed, and do not add new matter to the Application. Illustrative support for certain claim amendments can be found, for example, in FIGS. 2 and 3 of the Application, and in original claims 40-41. Claims 42-61 are now presented for reconsideration by the Examiner.

**Claim Rejections Under 35 U.S.C. §§ 102 and 103**

Claims 42-43, 45-48, 52, and 54-56 were rejected under 35 U.S.C. § 102 as being anticipated by U.S. Patent Application No. 2010/0107531 to Hunsaker ("Hunsaker"). Claims 44 and 53 were rejected under 35 U.S.C. § 103 as being unpatentable over Hunsaker; Claims 49 and 57 were rejected under 35 U.S.C. § 103 as being unpatentable over Hunsaker and further in view of U.S. Patent No. 7,743,569 to Schwalenberg et al. ("Schwalenberg"); Claims 50-51 and 58-59 were rejected under 35 U.S.C. § 103 as being unpatentable over Hunsaker; and claims 60-61 were rejected under 35 U.S.C. § 103 as being unpatentable over Hunsaker.

Applicant respectfully traverses these rejections. It is well settled that a claim is anticipated under 35 U.S.C. § 102 only if "each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." MPEP § 2131 (citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987)). Thus, to anticipate under § 102, "[t]he identical invention must be shown in as complete detail as is contained in the...claim." MPEP § 2131 (citing *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236 (Fed. Cir. 1989)). Further, an obviousness rejection is proper only where the claimed subject matter, as a whole, would have been obvious to a person of ordinary skill in the art at the time the invention

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

was made. 35 U.S.C. § 103. "The examiner bears the initial burden of supporting any *prima facie* conclusion of obviousness." MPEP § 2142. In particular, the Examiner must consider "[a]ll words in a claim…in judging the patentability of the claim against the prior art" and provide a reasoned explanation as to why the invention as claimed would have been obvious to a person of ordinary skill in the art at the time of the invention. MPEP §§ 2143 and 2143.03 (citing *In re Wilson*, 424 F.2d 1382, 1385 (C.C.P.A. 1970)). "If an independent claim is nonobvious under 35 U.S.C. 103, then any claim depending therefrom is nonobvious." MPEP § 2143.03 (citing *In re Fine*, 837 F.2d 1071 (Fed. Cir. 1988)). As set forth below, the cited references fail to disclose or render obvious at least the pending independent claims, as amended herein, and thus cannot anticipate or render obvious any claims depending therefrom.

<u>Claim 42:</u>

Amended claim 42 recites (emphasis added):

42.   A method of manufacturing a thin brick sheet, comprising:

adhering a plurality of thin bricks to a first side of a backing layer with a first adhesive, wherein the backing layer defines a grid that comprises a plurality of holes, wherein the backing layer is non-stretchable, **wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps at least two holes of the plurality of holes in the backing layer, and wherein the at least two holes are free of the first adhesive and open such that a second adhesive can penetrate through the at least two holes to adhere the thin brick sheet to a wall or floor surface**.

That is, amended claim 42 recites a method of manufacturing a thin brick sheet, comprising, *inter alia*, **"wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps at least two holes of the plurality of holes in the backing**

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

**layer, and wherein the at least two holes are free of the first adhesive and open such that a second adhesive can penetrate through the at least two holes to adhere the thin brick sheet to a wall or floor surface."** No such method is taught or disclosed by the cited references.

For example, an illustrative view of an exemplary thin brick sheet manufactured in accordance with claim 42 is shown in FIG. 2 of the Application, reproduced below. As shown in FIG. 2, the plurality of thin bricks 12 are adhered to the backing layer 10 such that a portion of a rear surface of each brick 12 of the plurality of thin bricks 12 overlaps at least two holes of the plurality of holes in the backing layer 10, and wherein the at least two holes are free of the adhesive 11 and open.



*Fig. 2:*



In contrast, Hunsaker discloses a thin brick system that includes thin brick units adhered with mortar to a receiving panel. As shown in FIG. 2 of Hunsaker, reproduced below, the entire rear surface of each brick 130 and the entire mesh matrix 110 is filled with mortar 140. Indeed, the mortar 140 extends from each brick, through the mesh matrix 110 and to the substrate 10. Further, while the Office Action asserts that fasteners are used to anchor the backing layer to the substrate resulting in holes that are free of adhesive, such holes would not be free of the adhesive <u>and open</u> as recited in amended claim 42.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023



FIG. 2

Amended claim 42 further recites that "the at least two holes are free of the first adhesive and open such that a second adhesive can penetrate through the at least two holes to adhere the thin brick sheet to a wall or floor surface." Such a recitation is more than an intended method of use as it defines the structure as requiring at least two holes to be free of the first adhesive <u>and open</u> such that a second adhesive can penetrate therethrough. The system disclosed by Hunsaker fails to include such structural features and is also incapable of having a second adhesive penetrating therethrough. Accordingly, for at least these reasons, one of ordinary skill in the art would not have arrived at the claimed method based on the teachings of Hunsaker.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

The remaining cited references also fail to remedy the teachings of Hunsaker. Indeed, none of the remaining references teach or disclose a method of manufacturing a thin brick sheet **"wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps at least two holes of the plurality of holes in the backing layer, and wherein the at least two holes are free of the first adhesive and open such that a second adhesive can penetrate through the at least two holes to adhere the thin brick sheet to a wall or floor surface,"** as recited in amended claim 42. Accordingly, for at least these reasons, one of ordinary skill in the art would not have arrived at the claimed method based on the teachings of the cited references. Thus, in view of the foregoing, Applicant respectfully submits that amended claim 42 is not disclosed or rendered obvious by any of the cited references, and requests that the rejections of claim 42 under 35 U.S.C. §§ 102 and/or 103 be withdrawn.

<u>Claims 43-51:</u>

Each of claims 43-51 depends from independent claim 42, and thus includes all of the limitations of claim 42. Therefore, for at least the reasons discussed above with respect to claim 42, Applicant respectfully submits that claims 43-51 are not disclosed or rendered obvious by the cited references. Applicant thus respectfully submits that these claims are patentable over the cited references and in condition for allowance.

<u>Claim 52:</u>

Amended claim 52 recites (emphasis added):

52.   A method of manufacturing a thin brick sheet, comprising:

adhering a plurality of thin bricks to a first side of a backing layer with a first adhesive, wherein adjacent bricks of the plurality of thin bricks are spaced about 1/4 inch to about 3/4 inch from each other, wherein adjacent bricks are free of grout and mortar between each other, wherein

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

the backing layer defines a grid that comprises a plurality of holes, **wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps at least two holes of the plurality of holes in the backing layer, and wherein the at least two holes are free of the first adhesive and open such that a second adhesive can extend through the at least two holes to bond each brick of the plurality of thin bricks to a wall or floor surface during installation**.

In view of at least the emphasized portions of claim 52, Applicant respectfully submits that the cited references fail to teach or otherwise render obvious claim 52 for reasons similar to those discussed above with respect to claim 42. Accordingly, for at least these reasons, Applicant respectfully submits that claim 52 is not disclosed or rendered obvious by the cited references and requests that the rejections of claim 52 under 35 U.S.C. §§ 102 and/or 103 be withdrawn.

Additionally, claim 52 recites "wherein adjacent bricks are free of grout and mortar between each other," further differentiating the claimed thin brick sheet from the cited references. Accordingly, for at least these additional reasons, Applicant respectfully submits that claim 52 is not disclosed or rendered obvious by the cited references and requests that the rejections of claim 52 under 35 U.S.C. §§ 102 and/or 103 be withdrawn.

<u>Claims 53-59:</u>

Each of claims 53-59 depends from independent claim 52, and thus includes all of the limitations of claim 52. Therefore, for at least the reasons discussed above with respect to claim 52, Applicant respectfully submits that claims 53-59 are not disclosed or rendered obvious by the cited references. Applicant thus respectfully submits that these claims are patentable over the cited references and in condition for allowance.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

<u>Claim 60:</u>

Amended claim 60 recites (emphasis added):

60. A method of manufacturing a thin brick sheet, comprising:

adhering a plurality of thin bricks to a first side of a backing layer with a first adhesive, wherein adjacent bricks of the plurality of thin bricks are spaced about 1/4 inch to about 3/4 inch from each other, wherein adjacent bricks are free of grout and mortar between each other, wherein the plurality of thin bricks consists of four rows of bricks, wherein the backing layer defines a grid that comprises a plurality of holes, **wherein the plurality of thin bricks are adhered to the backing layer such that a portion of a rear surface of each brick of the plurality of thin bricks overlaps at least two holes of the plurality of holes in the backing layer, and wherein the at least two holes are free of the first adhesive and open such that a second adhesive can extend through the at least two holes to bond each brick to a wall or floor surface during use**.

In view of at least the emphasized portions of claim 60, Applicant respectfully submits that the cited references fail to teach or otherwise render obvious claim 60 for reasons similar to those discussed above with respect to claim 42. Accordingly, for at least these reasons, Applicant respectfully submits that claim 60 is not disclosed or rendered obvious by the cited references and requests that the rejections of claim 60 under 35 U.S.C. §§ 102 and/or 103 be withdrawn.

Additionally, claim 60 recites "wherein adjacent bricks are free of grout and mortar between each other," further differentiating the claimed thin brick sheet from the cited references. Accordingly, for at least these additional reasons, Applicant respectfully submits that claim 60 is not disclosed or rendered obvious by the cited references and requests that the rejections of claim 60 under 35 U.S.C. §§ 102 and/or 103 be withdrawn.

Appl. No. 17/805,193
Amdt. dated April 12, 2023
Reply to Office Action of January 12, 2023

<u>Claim 61:</u>

Claim 61 depends from independent claim 60, and thus includes all of the limitations of claim 60. Therefore, for at least the reasons discussed above with respect to claim 60, Applicant respectfully submits that claim 61 is not disclosed or rendered obvious by the cited references. Applicant thus respectfully submits that this claim is patentable over the cited references and in condition for allowance.

## **CONCLUSION**

In view of the foregoing remarks, Applicant respectfully requests reconsideration and reexamination of this Application and the timely allowance of the pending claims. Should questions exist after consideration of the foregoing, the Office is kindly requested to contact Applicant's representative at the telephone number provided below.

Please grant any extensions of time required to enter this response and charge any additional required fees to Deposit Account 506181.

Respectfully submitted,

<u>/Jordan B. Olsen/</u>

Jordan B. Olsen

Reg. No. 65,864
Attorney for Applicant

Date: April 12, 2023
Dorsey & Whitney LLP
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-4055

4864-3782-1021\1